## FORDSON COAL CO. v. ASHER et al.

Circuit Court of Appeals, Sixth Circuit. January 5, 1928.

No. 4857.

1. Estoppel ⊜68(3)—Defendants, claiming title, by introducing deed from purchasers at execution sale were not estopped from also claiming title through heirs of execution debtor.

Introduction in evidence by defendants, in action to quiet title, of deed from purchasers at execution sale, which constituted source of title under which, plaintiff had superior claim, *held* not to estop defendants from also claiming title as successors of execution debtor's heirs, especially where lower court found as a fact that title did not pass to purchasers at execution sale, under whom plaintiff claimed.

2. Appeal and error ⊜1008(1)—Findings of lower court are accepted as facts on appeal.

Appellate court must accept as facts findings of lower court.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by the Fordson Coal Company against A. J. Asher and another. Judgment for defendants, and plaintiff brings error. Affirmed.

J. G. Bruce and Cleon K. Calvert, both of Pineville, Ky. (W. R. Middleton and Clifford B. Longley, both of Detroit, Mich., on the brief), for plaintiff in error.

Martin T. Kelly, of Pineville, Ky., for defendants in error.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. This was a suit in trespass to try title. The trial was by the court under a written jury waiver, and judgment was rendered for defendants upon separate findings of law and fact. Plaintiff proved record title in itself running back to a state grant. Defendants' claim was based on an adverse possession for the statutory period. That there had been a sufficient adverse possession to transfer title seems to be conceded. The plaintiff claims, however, that it acquired this possessory title in 1916, and defendants cannot question it, because they claim from the same source.

James F. Asher, after acquiring title to the land by adverse possession, devised it in 1905 to Lucy Asher, his wife, for life, with the remainder to his children. It was later

sold by the master commissioner in a circuit court proceeding. Defendants acquired the interest of the purchaser at that sale. They also hold deeds from the heirs of James F. Asher; and they procured a deed to such interest, if any, as G. M. and J. B. Knuckles acquired under a deed from Joe Morgan, sheriff of Leslie county, of November, 1911, made under an execution issued in March of 1905 against James F. Asher. Before executing that deed to defendants, G. M. and J. B. Knuckles had conveyed what interest they acquired under the sheriff's deed to W. L. Knuckles, who in 1916 conveyed it to the plaintiff. It is argued for plaintiff that, as both parties claim under G. M. and J. B. Knuckles, and as plaintiff's claim to their interest is clearly superior to defendants', the court should have adjudged title to the plaintiff.

[1, 2] The court found that the sheriff's deed to G. M. and J. B. Knuckles did not embrace the land described in the petition. We think there is ample evidence to support the finding. It is contended, nevertheless, that defendants are concluded by the introduction in evidence of this deed, which action on their part, notwithstanding the finding of the court, was the equivalent of a stipulation to the effect that the land was embraced in the deed. We do not think the introduction of the deed should be given such conclusive effect, since it appears that defendants were claiming to be the successors in title of James F. Asher, and not the successors in interest of the Knuckleses alone. They claimed through the purchaser at the master commissioner's sale, as grantees of the heirs of James F. Asher, and through G. M. and J. B. Knuckles. They were claiming the Asher title, it may be said in three different ways, one of which was from a source to which the plaintiff had a better claim; yet we see no reason why their claims through channels not common to both, if valid, should be disregarded, because of the better claim of plaintiff to what the Knuckleses acquired, and especially so when the lower court found as a fact, which we must accept, that the Asher title did not pass to the Knuckleses. Their offer of the Knuckles deed in evidence was in effect only saying that, if their primary chain of title had been broken by the execution sale, it had come back to them. This would not estop them from denying that there was in fact any break, and, having otherwise shown that they were owners of the Asher title, plaintiff's claim was properly denied.

Judgment affirmed.